IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FPJ, and DENA DOUGLAS-PATTERSON, <br><br>Plaintiffs<br><br>v.<br><br>ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD,<br><br>Defendants. | ) ) ) ) C.A. No.: 06-626 ) ) ) ) ) ) ) ) TRIAL BY JURY DEMANDED ) ) ) |

## COMPLAINT

1. Plaintiffs, Floyd E. Patterson and Dena Douglas-Patterson, are residents of the State of New York, currently residing at 59 Maple Street, Brooklyn, New York 11225. At the time of this incident, the Pattersons resided at 1310 Floral Street NW, Washington, DC. Floyd E. Patterson and Dina Douglas-Patterson are the natural parents of the minor plaintiff, FPJ, born March 20, 2000. Floyd E. Patterson brings this suit individually and as guardian ad litem and next friend of his minor son, FPJ

2. At all times relevant herein, Defendant Erica C. Yatsuk (hereinafter "Yatsuk") was a resident of the Commonwealth of Pennsylvania with a last known address of 115 West Garrison Road, Parkside, Pennsylvania 19015.

3. Defendant Shyla K. Boskett (hereinafter "Boskett") is a resident of the State of Delaware with a last known address of 7 Waltham Street, Newark, Delaware 19713.

4. Defendant Delaware Pooper Scoopers, Inc., (hereinafter "Scoopers") is a Delaware corporation. Service of process may be made upon its registered agent, Delaware Pooper Scoopers, Inc., 23 Auburn Drive, New Castle, Delaware 19720.

5. At all times relevant herein, Defendant Boskett was acting in the course and scope of her employment as an agent, servant and/or employee of Defendant Scoopers. Defendant Scoopers is responsible for the acts of Shyla K. Boskett pursuant to the doctrine *respondeat superior.*

6. Defendant Kendall R. Williford (hereinafter "Williford") is a resident of the State of Virginia with a last known address of 14055 Lyons Lane, Culpepper, Virginia 22701.

7. There is complete diversity of citizenship between Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.

8. On or about May 1, 2006, Defendant Yatsuk was operating her 2002 Chevrolet Cavalier in the left lane of northbound I-95 near Newark, Delaware. Defendant Yatsuk's vehicle veered off the roadway and struck the guardrail located on the left side of northbound I-95 causing debris to fly across and land in the southbound lanes of I-95.

9. At approximately the same time, Defendant Boskett was operating a 1994 Ford XPL, owned by Defendant Scoopers, in the middle lane of southbound I-95.

10. At approximately the same time and place, the Plaintiff Floyd E. Patterson was operating his 2000 Volvo in the left lane of southbound I-95. Minor Plaintiff FPJ was a passenger in his father Floyd E. Patterson's vehicle.

11. At approximately the same time and place Defendant Williford was operating a 2000 GMC, towing a horse trailer, in the center southbound lane of I-95 behind Defendant Boskett.

12. As Defendant Boskett approached the debris lying on the roadway, she swerved her vehicle directly into Plaintiff Patterson's lane of travel. Immediately thereafter,

Defendant Williford swerved his vehicle into the left lane of southbound I-95, thereby causing his vehicle to collide into the back of Plaintiff Patterson's vehicle, pushing Plaintiffs' Patterson's vehicle into Defendant Baskett's vehicle.

## LIABILITY OF DEFENDANT YATSUK

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. The aforesaid collision was proximately caused by the negligence of Defendant Erica C. Yatsuk in that she:

    (a) failed to give full time and attention to the operation of her motor vehicle and failed to keep a proper lookout in violation of 21 Del. Code § 4176(b);

    (b) operated her vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. Code § 4176(a);

    (c) failed to exercise and maintain control of her vehicle at all times so as to keep it from colliding with the guard rail;

    (d) violated the common law duty of lookout.

## LIABILITY OF DEFENDANTS BOSKETT/ DELAWARE POOPER SCOOPERS

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. The aforesaid collision was proximately caused by the negligence of Defendant Shyla K. Boskett in that she:

    (a) failed to give full time and attention to the operation of her motor vehicle and failed to keep a proper lookout in violation of 21 Del. C. § 4176(b);

    (b) operated her vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. Code § 4176(a);

    (c) failed to exercise and maintain control of her vehicle at all times so as to keep it from colliding with another vehicle;

    (d) violated the common law duty of lookout.

  17. Defendant Delaware Pooper Scoopers, Inc., is liable under the doctrine of *respondeat superior* for the aforesaid negligence of Defendant Shyla K. Boskett.

### LIABILITY OF DEFENDANT KENDALL R. WILLIFORD

  18. Paragraphs 1 through 17 are incorporated herein by reference.

  19. The aforesaid collision was proximately caused by the negligence of Defendant Kendall R. Williford in that he:

    (a) failed to give full time and attention to the operation of his motor vehicle and failed to keep a proper lookout in violation of 21 Del. Code § 4176(b);

    (b) operated his vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. Code § 4176(a);

    (c) followed another more closely than was reasonable and prudent in violation of 21 Del. Code § 4123;

    (d) failed to exercise and maintain control of his vehicle at all times so as to keep it from colliding with another vehicle;

    (e) violated the common law duty of lookout.

### FLOYD E. PATTERSON'S DAMAGES

  20. Paragraphs 1 through 19 are incorporated herein by reference.

  21. As a direct and proximate result of the negligence of Defendants, Plaintiff Floyd E. Patterson suffered severe personal injuries including but not limited to his head, neck, back and abdomen.

22. As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has experienced severe pain and suffering with discomfort, both physical and mental in nature.

23. As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has been hospitalized, has been required to undergo extensive medical and psychological treatment and will be required to undergo such treatment in the future.

24. As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

25. As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has incurred in the past and will continue to incur in the future lost wages and/or diminished earning capacity.

## FPJ'S DAMAGES

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. As a direct and proximate result of the Defendants' negligence, Plaintiff FPJ suffered severe personal mental pain and suffering with discomfort.

28. As a direct and proximate consequence of all Defendants' negligence, Plaintiff FPJ has been required to undergo psychological treatment and may require additional psychological treatment in the future.

29. As a direct and proximate consequence of all Defendants' negligence, Plaintiff FPJ has incurred medical, and related bills and may continue to incur such bills in the future.

## DENA DOUGLAS-PATTERSON'S DAMAGES

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. As a direct and proximate result of the Defendants' negligence, Plaintiff Dena Douglas-Patterson has been deprived of her husband's society, companionship, services and consortium.

WHEREFORE, Plaintiffs demand judgment against Defendants individually, jointly and severally, for special, general, pecuniary damages as set forth above, in such amounts as is just in the nature of the case require, together with the interests and costs, including pre- and post-judgment interest.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6605
Facsimile: (302) 576-3308
Attorneys for Plaintiffs

Dated: 10/10/06

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**Comment [COMMENT1]:** To replace the "Empty Ballot Box" (<Control V> <5,24> <Enter>) with a "Marked Ballot Box," delete the command for the Empty Ballot Box and replace it with <Control V> <5,25> <Enter> and a box with an "x" in the middle will replace it.

## I. (a) PLAINTIFFS
FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR. and DINA DOUGLAS-PATTERSON

**DEFENDANTS**
ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, a Delaware Corporation, and KENDALL R. WILLIFORD.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Kings County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Chester County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

06-626

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Timothy E. Lengkeek (#4116)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6605

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in This State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Nation | ☐3 | ☐3 | Foreign Country | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened (specify)
- ☐ 5 Transferred from another district
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers Liability | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | | | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | ☐ 871 IRS - Third Party 26 U.S.C. 7609 | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTSE UNLESS DIVERSITY)

28 U.S.C. § 1332

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $ in excess of $75,000** Check YES only if demanded in complaint
**JURY DEMAND:** ☒YES ☐NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 10/10/06   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

   (c) **Attorneys.** Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

06-626

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.


___10-6-06___                    ___Shane Handlin___
(Date forms issued)              (Signature of Party or their Representative)


                                 ___Shane Handlin___
                                 (Printed name of Party or their Representative)


Note: Completed receipt will be filed in the Civil Action