IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FLOYD E. PATTERSON, Individually and )
as Next Friend of FPJ )
and DINA DOUGLAS-PATTERSON, )
                            ) C.A. No.: 06-626
            Plaintiffs )
                            )
       v. )
                            )
ERICA C. YATSUK, SHYLA K. BOSKETT, )
DELAWARE POOPER SCOOPERS, INC. a )
Delaware Corporation, and KENDALL R. ) TRIAL BY JURY DEMANDED
WILLIFORD, )
                            )
           Defendants. )

## AMENDMENT TO THE COMPLAINT

The attached documents are hereby filed as an amendment to the Complaint:

1.     Plaintiffs' Affidavit of defendant Erica C. Yatsuk's non-residence and of the sending of a copy of the Complaint to defendant Erica C. Yatsuk;

2.     Return receipt of the Notice sent to defendant Erica C. Yatsuk (Exhibit C to the Affidavit); and

3.     Receipt for registered mail which was obtained at the Post Office at the time of the mailing of the Notice referred to above (Exhibit D to Affidavit).

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6605
Facsimile: (302) 576-3308
tlengkeek@ycst.com
Attorneys for Plaintiffs

Dated: November 17 , 2006

                                                           

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FPJ and DINA DOUGLAS-PATTERSON, | ) ) ) ) | |
| Plaintiffs | ) | C.A. No.: 06-626 |
| | ) ) | |
| v. | ) ) | |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC. a Delaware Corporation, and KENDALL R. WILLIFORD, | ) ) ) ) ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

AFFIDAVIT OF ERICA C. YATSUK'S  NON-RESIDENCE
PURSUANT TO 10 DEL. C. § 3112

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| NEW CASTLE COUNTY | ) |

BE IT REMEMBERED, that on this _20TH_ day of November, 2006, personally

appeared before me, a Notary Public for the State and County aforesaid, the deponent, Timothy

E. Lengkeek, who deposed and stated as follows:

      1.      I am an attorney with the law firm of Young Conaway

Stargatt & Taylor, LLP, attorney for the plaintiffs in this action.

      2.      On information and belief, the defendant, Erica Yatsuk, is a

non-resident of the State of Delaware, with a last known address of 115 West Garrison Road,

Parkside PA 19015.

      3.      On November 10, 2006, I caused to be mailed by Registered

Mail an envelope to the defendant, Erica C. Yatsuk, containing copies of a Notice in the form

attached hereto as Exhibit "A," and copies of the Summons, Sheriff's Return, Complaint and other papers are attached hereto as Exhibit "B."

        4.              On November 16, 2006, our office received from the United States Postal Service the return receipt of the defendant, Erica C. Yatsuk, showing delivery and acceptance of the above envelope mailed to her address at 115 West Garrison Road, Parkside, PA 19015. Said return receipt is attached hereto as Exhibit "C."

        5.               Attached hereto as Exhibit "D" is the Receipt for Registered Mail which was obtained at the Post Office at the time of the mailing of the envelope referred to above.

Timothy E. Lengkeek

SWORN TO AND SUBSCRIBED before me, a Notary Public, the day and year aforesaid.

_Karen C Kochanski_ (SEAL)

Notary Public

My Commission Expires:

KAREN C. ROCHANSKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 19, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FLOYD E. PATTERSON, Individually and )
as Next Friend of FPJ )
and DINA DOUGLAS-PATTERSON, )
                     ) C.A. No.: 06-626
           Plaintiffs )
                     )
       v. )
                     )
ERICA C. YATSUK, SHYLA K. BOSKETT, )
DELAWARE POOPER SCOOPERS, INC. a )
Delaware Corporation, and KENDALL R. ) TRIAL BY JURY DEMANDED
WILLIFORD, )
                     )
          Defendants. )

<u>NOTICE</u>

TO:    Ms. Erica C. Yatsuk
         115 West Garrison Road
         Parkside, PA 19015

        PLEASE TAKE NOTICE that there has been served upon the Secretary of State

of the State of Delaware the original of a Summons, Complaint, Civil Cover Sheet, and

Plaintiff's Mandatory Responses, copies of which are attached hereto, in which you are named as

a defendant in an action brought by Floyd E. Patterson and Dina Douglas-Patterson. Said

Summons, Complaint, Civil Cover Sheet, and Mandatory Responses were served upon the

Secretary of State of the State of Delaware on October 19, 1006.  Under the provisions of 10 <u>Del</u>.

<u>C</u>. § 3112, service of the original Summons and Complaint upon the Secretary of State as

aforesaid is as effectual to all intents and purposes as if it had been made upon you personally

within the State of Delaware.

                                                                          065420.1001

Failure on your part to obey the command of the within writ could result in a default judgment being taken against you.  It is suggested that you contact your insurance company immediately in connection with this matter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek, Esquire (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605 (telephone)
(302 (576) 3308 (facsimile)
tlengkeek@ycst.com
Attorneys for Plaintiff

Dated: 11/10/06

065420.1001

EXHIBIT B

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FLOYD E. PATTERSON, Individually and )
as Next Friend of FPJ )
and DINA DOUGLAS-PATTERSON, )
) C.A. No.: 06-626
      Plaintiffs )
)
)
)
   v. )
)
ERICA C. YATSUK, SHYLA K. BOSKETT, )
DELAWARE POOPER SCOOPERS, INC. a )
Delaware Corporation, and KENDALL R. )   TRIAL BY JURY DEMANDED
WILLIFORD, )
)
      Defendants. )


TO:   ERICA C. YATSUK  (c/o Delaware Secretary of State)
      115 West Garrison Road
      Parkside, PA 19015


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFFS' ATTORNEYS, Timothy E. Lengkeek, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, Delaware 19899-0391 an answer to the complaint which is herewith served upon you, within **twenty (20)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


OCT 1 1 2006

PETER T. DALLEO             _____
CLERK                         DATE

BY DEPUTY CLERK

065420.1001

• AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | 10/19/06 |

| NAME OF SERVER (PPJNT) | TITLE | |
|---|---|---|
| GRANVILLE MORRIS | | SPECIAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant. Place where served: _____

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

☐   Name of person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____

☒   Other (specify):   SERVED: ERICA C. YATSUK C/O THE DELAWARE SECRETARY OF STATE DOVER, DE COPIES THEREOF WERE ACCEPTED BY JAMIE STONE (PROCESS AGENT)

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   10/19/06
         Date

*Signature of Server*
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE 19899-1360
302- 475-2600

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR. and DENA DOUGLAS-PATTERSON, | ) ) ) ) | |
| Plaintiffs | ) ) ) | C.A. No.: |
| v. | ) ) | |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD, | ) ) ) ) ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

2006 OCT - 6  PM 4: 25

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COMPLAINT

1.    Plaintiffs, Floyd E. Patterson and Dena Douglas-Patterson, are residents of the State of New York, currently residing at 59 Maple Street, Brooklyn, New York 11225.  At the time of this incident, the Pattersons resided at 1310 Floral Street NW, Washington, DC. Floyd E. Patterson and Dina Douglas-Patterson are the natural parents of the minor plaintiff, Floyd Patterson, Jr., born March 20, 2000.  Floyd E. Patterson brings this suit individually and as guardian ad litem and next friend of his minor son, Floyd Patterson, Jr.

2.    At all times relevant herein, Defendant Erica C. Yatsuk (hereinafter "Yatsuk") was a resident of the Commonwealth of Pennsylvania with a last known address of 115 West Garrison Road, Parkside, Pennsylvania 19015.

3.    Defendant Shyla K. Boskett (hereinafter "Boskett") is a resident of the State of Delaware with a last known address of 7 Waltham Street, Newark, Delaware  19713.

4.    Defendant Delaware Pooper Scoopers, Inc., (hereinafter "Scoopers") is a Delaware corporation.  Service of process may be made upon its registered agent, Delaware Pooper Scoopers, Inc., 23 Auburn Drive, New Castle, Delaware 19720.

065420.1001

5.     At all times relevant herein, Defendant Boskett was acting in the course and scope of her employment as an agent, servant and/or employee of Defendant Scoopers. Defendant Scoopers is responsible for the acts of Shyla K. Boskett pursuant to the doctrine *respondeat superior*.

6.     Defendant Kendall R. Williford (hereinafter "Williford") is a resident of the State of Virginia with a last known address of 14055 Lyons Lane, Culpepper, Virginia 22701.

7.     There is complete diversity of citizenship between Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.

8.     On or about May 1, 2006, Defendant Yatsuk was operating her 2002 Chevrolet Cavalier in the left lane of northbound I-95 near Newark, Delaware.  Defendant Yatsuk's vehicle veered off the roadway and struck the guardrail located on the left side of northbound I-95 causing debris to fly across and land in the southbound lanes of I-95.

9.     At approximately the same time, Defendant Boskett was operating a 1994 Ford XPL, owned by Defendant Scoopers, in the middle lane of southbound I-95.

10.    At approximately the same time and place, the Plaintiff Floyd E. Patterson was operating his 2000 Volvo in the left lane of southbound I-95.  Minor Plaintiff Floyd Patterson, Jr. was a passenger in his father Floyd E. Patterson's vehicle.

11.    At approximately the same time and place Defendant Williford was operating a 2000 GMC, towing a horse trailer, in the center southbound lane of I-95 behind Defendant Boskett.

12.    As Defendant Boskett approached the debris lying on the roadway, she swerved her vehicle directly into Plaintiff Patterson's lane of travel.   Immediately thereafter,

2

065420.1001

Defendant Williford swerved his vehicle into the left lane of southbound I-95, thereby causing his vehicle to collide into the back of Plaintiff Patterson's vehicle, pushing Plaintiffs' Patterson's vehicle into Defendant Baskett's vehicle.

## LIABILITY OF DEFENDANT YATSUK

13.    Paragraphs 1 through 12 are incorporated herein by reference.

14.    The aforesaid collision was proximately caused by the negligence of Defendant Erica C. Yatsuk in that she:

(a)    failed to give full time and attention to the operation of her motor vehicle and failed to keep a proper lookout in violation of 21 Del. Code § 4176(b);

(b)    operated her vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. Code § 4176(a);

(c)    failed to exercise and maintain control of her vehicle at all times so as to keep it from colliding with the guard rail;

(d)    violated the common law duty of lookout.

## LIABILITY OF DEFENDANTS BOSKETT/
## DELAWARE POOPER SCOOPERS

15.    Paragraphs 1 through 14 are incorporated herein by reference.

16.    The aforesaid collision was proximately caused by the negligence of Defendant Shyla K. Boskett in that she:

(a)    failed to give full time and attention to the operation of her motor vehicle and failed to keep a proper lookout in violation of 21 Del. C. § 4176(b);

(b)    operated her vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. Code § 4176(a);

3

DB02:5462739.1                                                                065420.1001

(c)     failed to exercise and maintain control of her vehicle at all times so as to keep it from colliding with another vehicle;

(d)     violated the common law duty of lookout.

17.    Defendant Delaware Pooper Scoopers, Inc., is liable under the doctrine of *respondeat superior* for the aforesaid negligence of Defendant Shyla K. Boskett.

## LIABILITY OF DEFENDANT KENDALL R. WILLIFORD

18.    Paragraphs 1 through 17 are incorporated herein by reference.

19.    The aforesaid collision was proximately caused by the negligence of Defendant Kendall R. Williford in that he:

(a)     failed to give full time and attention to the operation of his motor vehicle and failed to keep a proper lookout in violation of 21 Del. Code § 4176(b);

(b)     operated his vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. Code § 4176(a);

(c)     followed another more closely than was reasonable and prudent in violation of 21 Del. Code § 4123;

(d)     failed to exercise and maintain control of his vehicle at all times so as to keep it from colliding with another vehicle;

(e)     violated the common law duty of lookout.

## FLOYD E. PATTERSON'S DAMAGES

20.    Paragraphs 1 through 19 are incorporated herein by reference.

21.    As a direct and proximate result of the negligence of Defendants, Plaintiff Floyd E. Patterson suffered severe personal injuries including but not limited to his head, neck, back and abdomen.

4

22.    As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has experienced severe pain and suffering with discomfort, both physical and mental in nature.

23.    As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has been hospitalized, has been required to undergo extensive medical and psychological treatment and will be required to undergo such treatment in the future.

24.    As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has incurred medical, pharmaceutical, therapeutic, and related bills and will continue to incur such bills in the future.

25.    As a direct and proximate consequence of his injuries, Plaintiff Floyd E. Patterson has incurred in the past and will continue to incur in the future lost wages and/or diminished earning capacity.

## FLOYD PATTERSON, JR.'S DAMAGES

26.    Paragraphs 1 through 25 are incorporated herein by reference.

27.    As a direct and proximate result of the Defendants' negligence, Plaintiff Floyd Patterson, Jr. suffered severe personal mental pain and suffering with discomfort.

28.    As a direct and proximate consequence of all Defendants' negligence, Plaintiff Floyd Patterson, Jr. has been required to undergo psychological treatment and may require additional psychological treatment in the future.

29.    As a direct and proximate consequence of all Defendants' negligence, Plaintiff Floyd Patterson, Jr. has incurred medical, and related bills and may continue to incur such bills in the future.

## DENA DOUGLAS-PATTERSON'S DAMAGES

30.    Paragraphs 1 through 29 are incorporated herein by reference.

5

31.    As a direct and proximate result of the Defendants' negligence, Plaintiff Dena Douglas-Patterson has been deprived of her husband's society, companionship, services and consortium.

WHEREFORE, Plaintiffs demand judgment against Defendants individually, jointly and severally, for special, general, pecuniary damages as set forth above, in such amounts as is just in the nature of the case require, together with the interests and costs, including pre- and post-judgment interest.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6605
Facsimile: (302) 576-3308
Attorneys for Plaintiffs

Dated: 9/29/06

6

DB02:5462739.1                                                    065420.1001

JS 44 (Rev. 12/96)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR. and DINA DOUGLAS-PATTERSON

### DEFENDANTS
ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, a Delaware Corporation, and KENDALL R. WILLIFORD.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:
Kings County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
Chester County, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

06 - 626

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Timothy E. Lengkeek (#4116)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6605

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Nation | ☐ 3 | ☐ 3 | Foreign Country | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury– Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury– Product Liability | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 U.S.C. 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. § 1332

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000  Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

065420.1001

DB02:5462820.1

Comment [COMMENT1]: To replace the "Empty Ballot Box" (<Control V>) with a "Marked Ballot Box," delete the command for the Empty Ballot Box and replace it with <Control V><5.25>. <Enter> and a box with an "x" in the middle will replace it.

2006 OCT -6 PM 4: 25
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a)    Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)    County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c)    Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

065420.1001

DB02:5462820.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR. and DENA DOUGLAS-PATTERSON, | ) ) ) ) | C.A. No.:    0 6 - 8 2 6 ˉ |
| Plaintiffs | ) ) | |
| v. | ) ) ) | |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC. a Delaware Corporation, and KENDALL R. WILLIFORD, | ) ) ) ) ) | TRIAL BY JURY DEMANDED |
| Defendants. | ) ) | |

## RESPONSES TO MANDATORY DISCOVERY PURSUANT TO THE LOCAL RULES OF CIVIL PRACTICE AND PROCEDURE OF THE UNITED STATES <u>DISTRICT COURT FOR THE DISTRICT OF DELAWARE</u>

1.    The name, address and telephone number of each person with knowledge of the facts relating to the litigation.

<u>ANSWER:</u>

In addition to the parties:

Officer Eschenwald
Delaware State Police
Troop 6

Office Doherty
Delaware State Police
Troop 6

Health Care Personnel
Christiana Health Care Services
P.O. Box 1668
Wilmington, Delaware  19899

Plaintiffs' Family and Friends

065420.1001

Plaintiffs' health care providers

Plaintiffs' Counsel and Staff
Young, Conaway, Stargatt and Taylor LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19899.

2.    The identity of each expert witness retained by the party and expected to be called by the party at trial, together with the dates of any written opinions prepared by each expert.

ANSWER:

Insofar as this interrogatory calls for identification of experts who may not be called to testify at trial, it is objected to. However, subject to and without waiving said objection, counsel for plaintiffs anticipate calling Plaintiffs' treating physicians.

3.    A brief description of any insurance coverage including excess coverage, that is or may be applicable to the litigation, including: (1) the name and address of all companies insuring the risk; (2) the policy and claim number(s); (3) the type of insurance: and (4) the amounts of primary, secondary, and excess coverage.

ANSWER:

Allstate Insurance Company – Erica Yatsuk
Policy No. 052548747
Liability Insurance – amounts of coverage unknown

National Grain Insurance – Shyla Boskett
Policy No. B1B84212
Liability Insurance – amount of coverage unknown

GEICO – Floyd Patterson
Policy No. 4061520252
PIP Insurance – amount of coverage unknown

GEICO – Kendall Williford
Policy No. 1093525606
Liability Insurance – amount of coverage unknown

2

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6605
Facsimile: (302) 576-3308
Attorneys for Plaintiffs


Dated: 9/25/06

3

065420.1001

EXHIBIT C

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

ERICA YATSUK

115 WEST GARRISON RD

PARKSIDE, PA 19015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Erica C Yatsuk_        ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery
ERICA C YATSUK        11/14/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

EXHIBIT D

KA 906 771832US

**Date Stamp**

| To Be Completed By Post Office | Reg Fee $ 7.90 | |
| | Handling Charge $ | Return Receipt $ 1.85 |
| | Postage $ 1.85 | Restricted Delivery $ |
| | Received by | |

WILMINGTON DE 19801
NOV 10 2006

Domestic Insurance up to $25,000 is included in the fee. International Indemnity is limited. (See Reverse).

Customer Must Declare Full Value $

☐ With Postal Insurance
☐ Without Postal Insurance

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM  T.C.S+T  (TLENG)
P.O. BOX 391
WLM. DE 19801

TO  Erica Yatvch
115 w lot Garrison Rd
Parkside, PA 19015

PS Form **3806**, June 2002    **Receipt for Registered Mail**    *Copy 1 - Customer (See Information on Reverse)*

For delivery information, visit our website at *www.usps.com* ®