IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FPJ and DENA DOUGLAS-PATTERSON, | ) ) ) ) | C.A. No. 06-626 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | TRIAL BY JURY OF 12 DEMANDED |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC. a Delaware Corporation, and KENDALL R. WILLIFORD, | ) ) ) ) ) ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANT SHYLA K. BOSKETT AND DELAWARE POOPER SCOOPERS, INC. TO COMPLAINT WITH CROSSLAIMS AND COUNTERCLAIMS

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Denied.

4. Denied as stated.

5. Denied.

6. Admitted upon information and belief.

7. Denied.

8. The averment in this paragraph is not directed to this answering Defendant and all liability as to this answering Defendant is denied.

9. Denied as stated.

10. Denied as stated.

11. The averment in this paragraph is not directed to this answering Defendant and all liability as to this answering Defendant is denied.

12. All allegations of liability against this answering Defendant are denied.

### LIABILITY OF DEFENDANT YATSUK

13. Answers 1 through 12 are incorporated herein by reference.

14. (a) – (d)  The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

### LIABILITY OF DEFENDANTS BOSKETT/ DELAWARE POOPER SCOOPERS

15. Answers 1 through 14 are incorporated herein by reference.

16. (a) – (d)  Denied.

17. Denied.

### LIABILITY OF DEFENDANT KENDALL R. WILLIFORD

18. Answers 1 through 17 are incorporated herein by reference.

19. (a) – (e) The averments in this paragraph are not directed to this answering Defendant and all allegations against this answering defendant are denied.

### FLOYD E. PATTERSON'S DAMAGES

20. Answers 1 through 19 are incorporated herein by reference.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

### FPJ's DAMAGES

26. Answers 1 through 25 are incorporated herein by reference.

27. Denied.

28. Denied.

29. Denied.

### DENA DOUGLAS-PATTERSON'S DAMAGES

30. Answers 1 through 29 are incorporated herein by reference.

31. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint sets forth a cause of action for damages paid or payable by a policy of insurance issued pursuant to 21 Del.C. §2118, such claim is barred by the provisions of 21 Del.C. §2118 (g).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was comparatively negligent and proximately caused all alleged injuries and damages in Plaintiff failed to maintain a proper lookout, failed to maintain proper control of the vehicle, and was otherwise negligent.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations and/or by ineffective service of process.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

The accident was unavoidable.

## SEVENTH AFFIRMATIVE DEFENSE

The accident was caused by a sudden emergency.

**WHEREFORE,** Defendants Shyla Boskett and Delaware Pooper Scoopers demand judgment be entered in their favor and against Plaintiffs, plus interest and cost of suit.

## PERSONAL INJURY COUNTER-CLAIM AND CROSS-CLAIMS OF SHYLA K. BOSKETT

1. Shyla Boskett-Omorogieva is a married resident of the State of Maryland residing at 76 Chestnut Drive, Elkton, Maryland 21921.

2. Erica C. Yatsuk is a resident of the Commonwealth of Pennsylvania residing at 115 West Garrison Road, Parkside, Pennsylvania 19015.

3. Floyd E. Patterson is a resident of the State of New York residing at 59 Maple Street, Brooklyn, New York 11225.

4. Kendal R. Williford is a resident of the State of Virginia residing at 14055 Lyons Lane, Culpepper, Virginia 22701.

5. On or about May 1, 2006, Yatsuk was operating her 2002 Chevrolet Cavalier in the left lane northbound on I-95 near Newark, Delaware, at approximately 9:11 p.m. when she reached down to pick up her CD case and veered her vehicle left, striking the guard rail and causing debris to fly into the southbound lanes of I-95.

6. At approximately the same time, Shyla Boskett-Omorogieva was lawfully operating her vehicle on southbound I-95 and was forced to brake and swerve to avoid a large piece of debris that had flown into her lane from the collision caused by Yatsuk.

7. The Boskett vehicle was then struck in the rear by the vehicle operated by Patterson.

8. On information and belief, the Patterson vehicle was struck from behind by a vehicle operated by Williford, which impact pushed the Patterson vehicle into the Boskett vehicle.

9. As a result of the collision, Shyla Boskett-Omorogieva has suffered physical injuries.

10. As a result of such injuries, Shyla Boskett-Omorogieva has suffered mental and emotional distress.

11. As a result of such injuries, Shyla Boskett-Omorogieva has incurred medical expenses and will continue to incur such expenses in the future.

12. As a result of her injuries, Shyla Boskett-Omorogieva has incurred lost wages.

## COUNT I – SHYLA BOSKETT-OMOROGIEVA v. ERICA C. YATSUK

13. The allegations of Paragraphs 1 through 12 are hereby incorporated by reference.

14. Boskett's injuries were proximately cause by the negligence of Erica C. Yatsuk in that she:

    (a) failed to give full time and attention to the operation of her motor vehicle and failed to keep a proper lookout in violation of 21 Del. C § 4176(b);

    (b) operated her vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. C § 4176(a);

    (c) failed to exercise and maintain control of her vehicle at all times so as to keep it from colliding with the guard rail;

    (d) violated the common law duty of lookout.

## COUNT II – SHYLA BOSKETT-OMOROGIEVA v. FLOYD E. PATTERSON

15. The allegations of Paragraphs 1 through 14 are hereby incorporated by reference.

16. Boskett's injuries were proximately caused by the negligence of Floyd E. Patterson in that he:

    (a) failed to give full time and attention to the operation of his motor vehicle and failed to keep a proper lookout in violation of 21 Del. C § 4176(b);

    (b) operated his vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. C § 4176(a).

## COUNT III – SHYLA BOSKETT-OMOROGIEVA v. KENDALL R. WILLIFORD

17. The allegations of Paragraphs 1 through 16 are hereby incorporated by reference.

18. Boskett's injuries were proximately caused by the negligence of Kendall R. Williford in that he:

(a) failed to give full time and attention to the operation of his motor vehicle and failed to keep a proper lookout in violation of 21 Del. C § 4176(b);

(b) operated his vehicle in a careless and imprudent manner without due regard for the traffic conditions then existing, in violation of 21 Del. C § 4176(a).

WHEREFORE, Boskett-Omorogieva demands judgment against the cross-claim and counter-claim defendants, jointly and severally, for such compensatory damages as the Court deems just, including costs and interest.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

The answering Defendants deny that they are liable to the Plaintiffs in any respect. However, in the event that the answering Defendants are held liable to the Plaintiffs, then they cross-claims against the co-defendant for contribution and/or indemnification. In the event that the answering Defendants are held liable to the Plaintiffs, then the wrongful acts of the co-defendants as alleged in Plaintiffs' complaint, were the sole and/or contributing causes of the damages sustained by the Plaintiffs and the answering Defendants are entitled to contribution and/or indemnification from the co-defendants in any amount which they may be required to pay to the Plaintiff pursuant to Delaware common law and the provisions of the Delaware Contribution Among Joint-Tortfeasors Act, based on the relative degrees of fault determined pursuant to the provisions of Delaware Uniform Contribution among Tortfeasors Law, 10 **Del. C.** §§6301-6308.

**WHEREFORE**, Defendants Shyla Boskett and Delaware Pooper Scoopers demand judgment be entered in their favor and against co-defendants plus interest and costs of suit.

*SHELSBY & LEONI*
*/s/ Robert J. Leoni*
ROBERT J. LEONI, I.D. #2888
Rleoni@mslde.com
221 Main Street
Stanton, DE  19804
(302) 995-6210
Attorney for Defendant Boskett and
Delaware Pooper Scoopers, Inc.

**DATE:**  November 22, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FPJ and DENA DOUGLAS-PATTERSON, | ) ) ) ) | C.A. No. 06-626 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | TRIAL BY JURY OF 12 DEMANDED |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC. a Delaware Corporation, and KENDALL R. WILLIFORD, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

**I HEREBY CERTIFY** on this 22nd day of November, 2006, two copies of

the foregoing Defendant's Answer to Complaint by first class mail to:

Timothy E. Lengkeek, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

*SHELSBY & LEONI*
*/s/ Robert J. Leoni*
ROBERT J. LEONI, I.D. #2888
Rleoni@mslde.com
221 Main Street
Stanton, DE 19804
(302) 995-6210
Attorney for Defendant Boskett and
Delaware Pooper Scoopers, Inc.