IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR., and DENA DOUGLAS-PATERSON, | ) ) ) ) | C.A. No. 06-626 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | TRIAL BY JURY OF TWELVE |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD, | ) ) ) ) ) ) | DEMANDED |
| Defendants. | ) | |

### *ERICA C. YATSUK'S ANSWER TO COMPLAINT* AND CROSS CLAIMS WITH AFFIRMATIVE DEFENSES

1. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

2. Admitted;

3. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

4. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

5. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

6. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

7. To the extent an answer is required, defendant does not have sufficient information or

knowledge so as to form a belief as to this averment;

8. Admitted Defendant's vehicle was in a single car collision at the date and time indicated, the balance of the allegation is denied;

9. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

10. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

11. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

12. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF LIABILITY OF DEFENDANT YATSUK

13. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

14. Denied, including each and every subpart;

WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF LIABILITY OF DEFENDANTS BOSKETT/DELAWARE POOPER SCOOPERS

15. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

16. No answer required from answering defendant;

17. No answer required from answering defendant;

WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF LIABILITY OF KENDALL WILLIFORD

18. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

19. No answer required from Answering Defendant;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## ANSWER TO CLAIM OF FLOYD E. PATTERSON'S DAMAGES

20. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

21. Denied;

22. Denied;

23. Denied;

24. Denied;

25. Denied;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## ANSWER TO CLAIM OF FLOYD PATTERSON, JR.'S DAMAGES

26. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

27. Denied;

28. Denied;

29. Denied;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## ANSWER TO CLAIM OF DENA DOUGLAS-PATTERSON'S DAMAGES

30. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

31. Denied;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## AFFIRMATIVE DEFENSES

32. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

33. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted;

34. The Plaintiff, Floyd Patterson, Sr., was comparatively negligent and to the extent his negligence is greater than 50% of the combined negligence of defendants, his claim is barred completely.  To the extent his negligence is less than 50% of the combined negligence, any award must be reduced in proportion to his negligence;

35. The accident, in whole or in part, was unavoidable;

36. The accident, in whole or in part, was caused or contributed to be the negligence of others;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## CROSS CLAIM AGAINST CO-DEFENDANTS

37. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

38. Defendant denies liability in all respects and denies that the plaintiffs are injured or that their injuries are as bad as claimed.  To the extent the plaintiffs can prove injuries caused by the accident, defendant alleges that such injuries were caused by the negligence of the co-defendants, jointly and individually, for the reasons stated in the Complaint;

WHEREFORE, Defendant demands contribution and/or indemnification from co-defendants pursuant to the Contribution Among Joint Tortfeasor's Act;

## DENIAL OF CROSS CLAIMS BY CO-DEFENDANTS.

39. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

40  To the extent co-defendants have or will make cross-claims against defendant, they are denied;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## COUNTERCLAIM FOR CONTRIBUTION AND INDEMNIFICATION
## AGAINST FLOYD E. PATTERSON FOR CLAIMS OF FLOYD E. PATTERSON, JR.

41. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

42. To the extent that Floyd Patterson, Jr., is able to prove damages proximately caused by the accident, and in addition to or separate from the apportionment of negligence among the defendants, Defendant also alleges Floyd Patterson Sr, was the proximate cause, in whole or in part, of the accident and/or injuries underlying this litigation.

43. Defendant alleges Floyd Patterson was negligent in a manner proximately causing the accident and/or injuries for;

   a) Failing to maintain proper control of his motor vehicle;

   b) Failing to operate his motor vehicle at a safe speed;

   c) Failing to give full time and attention to the operation of his motor vehicle;

   d) Failing to act as a reasonably prudent person under the circumstances;

   e) Driving his motor vehicle at an unreasonable speed under the circumstances;

   f) Was otherwise negligent as the discovery process will reveal;

WHEREFORE, Defendant demands contribution and indemnification from Floyd Patterson, Sr., for any injuries proven by Floyd Patterson, Jr., to the extent and to the proportion of his negligence;

MICHAEL A. PEDICONE, P.A.

By:  *Patrick G. Rock, Esquire* /s/
Patrick G. Rock, Esquire (No. 4632)
109 W. 7th Street
P.O. Box 1395
Wilmington, DE 19899
(302) 652-7850
Attorney for Defendant

Dated: December 22, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR., and DENA DOUGLAS-PATERSON, | ) ) ) C.A. No. 06-626 ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) TRIAL BY JURY OF TWELVE |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD, | ) DEMANDED ) ) ) ) ) |
| Defendants. | ) |

## *NOTICE OF SERVICE*

THIS IS TO CERTIFY, that I have caused copies of the foregoing ANSWER TO COMPLAINT to be served via electronic filing, on December 22, 2006, upon:

| | |
|---|---|
| Timothy E. Lengkeek (No. 4116) <br> The Brandywine Building <br> 1000 West Street, 17th Floor <br> P.O. Box 391 <br> Wilmington, DE 19899-0391 <br> (302) 571-6605 <br> Attorney for Plaintiffs | Robert J. Leoni, Esquire <br> Morgan Shelsby & Leoni <br> 221 Main Street <br> Stanton, DE 19804 <br> (302) 995-6210 |

                                              MICHAEL A. PEDICONE, P.A.

By:   *Patrick G. Rock, Esquire* /s/
        Patrick G. Rock, Esquire (No. 4632)
        109 W. 7th Street
        P.O. Box 1395
        Wilmington, DE 19899
        (302) 652-7850
        Attorney for Defendant

Dated: December 22, 2006