IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR., and DENA DOUGLAS-PATERSON, <br><br>Plaintiffs,<br><br>v.<br><br>ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD,<br><br>Defendants. | )<br>)<br>) C.A. No. 06-626<br>)<br>)<br>)<br>)<br>)<br>) TRIAL BY JURY OF TWELVE<br>) DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*ERICA C. YATSUK'S AMENDED ANSWER TO COMPLAINT*
*AND CROSS CLAIMS WITH AFFIRMATIVE DEFENSES*

1. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

2. Admitted;

3. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

4. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

5. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

6. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

7. To the extent an answer is required, defendant does not have sufficient information or

knowledge so as to form a belief as to this averment;

8. Admitted Defendant's vehicle was in a single car collision at the date and time indicated, the balance of the allegation is denied;

9. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

10. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

11. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

12. To the extent an answer is required, defendant does not have sufficient information or knowledge so as to form a belief as to this averment;

WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF LIABILITY OF DEFENDANT YATSUK

13. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

14. Denied, including each and every subpart;

WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF LIABILITY OF DEFENDANTS BOSKETT/DELAWARE POOPER SCOOPERS

15. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

16. No answer required from answering defendant;

17. No answer required from answering defendant;

WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF LIABILITY OF KENDALL WILLIFORD

18. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

19. No answer required from Answering Defendant;

    WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF FLOYD E. PATTERSON'S DAMAGES

20. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

21. Denied;

22. Denied;

23. Denied;

24. Denied;

25. Denied;

    WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF FLOYD PATTERSON, JR.'S DAMAGES

26. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

27. Denied;

28. Denied;

29. Denied;

    WHEREFORE, Defendant demands judgment in her favor plus costs;

### ANSWER TO CLAIM OF DENA DOUGLAS-PATTERSON'S DAMAGES

30. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

31. Denied;

    WHEREFORE, Defendant demands judgment in her favor plus costs;

### AFFIRMATIVE DEFENSES

32. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

33. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted;

34. The Plaintiff, Floyd Patterson, Sr., was comparatively negligent and to the extent his negligence is greater than 50% of the combined negligence of defendants, his claim is barred completely.  To the extent his negligence is less than 50% of the combined negligence, any award must be reduced in proportion to his negligence;

35. The accident, in whole or in part, was unavoidable;

36. The accident, in whole or in part, was caused or contributed to be the negligence of others;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## CROSS CLAIM AGAINST CO-DEFENDANTS

37. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

38. Defendant denies liability in all respects and denies that the plaintiffs are injured or that their injuries are as bad as claimed.  To the extent the plaintiffs can prove injuries caused by the accident, defendant alleges that such injuries were caused by the negligence of the co-defendants, jointly and individually, for the reasons stated in the Complaint;

WHEREFORE, Defendant demands contribution and/or indemnification from co-defendants pursuant to the Contribution Among Joint Tortfeasor's Act;

## DENIAL OF CROSS CLAIMS BY CO-DEFENDANTS.

39. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

40 To the extent co-defendants have or will make cross-claims against defendant, they are denied;

WHEREFORE, Defendant demands judgment in her favor plus costs;

## COUNTERCLAIM FOR CONTRIBUTION AND INDEMNIFICATION
## AGAINST FLOYD E. PATTERSON FOR CLAIMS OF FLOYD E. PATTERSON, JR.

41. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

42. To the extent that Floyd Patterson, Jr., is able to prove damages proximately caused by the accident, and in addition to or separate from the apportionment of negligence among the defendants, Defendant also alleges Floyd Patterson Sr, was the proximate cause, in whole or in part, of the accident and/or injuries underlying this litigation.

43. Defendant alleges Floyd Patterson was negligent in a manner proximately causing the accident and/or injuries for;

   a) Failing to maintain proper control of his motor vehicle;

   b) Failing to operate his motor vehicle at a safe speed;

   c) Failing to give full time and attention to the operation of his motor vehicle;

   d) Failing to act as a reasonably prudent person under the circumstances;

   e) Driving his motor vehicle at an unreasonable speed under the circumstances;

   f) Was otherwise negligent as the discovery process will reveal;

WHEREFORE, Defendant demands contribution and indemnification from Floyd Patterson, Sr., for any injuries proven by Floyd Patterson, Jr., to the extent and to the proportion of his negligence;

## ANSWER OF ERICA YATSUK TO CROSS CLAIM BY
## SHYLA BOSKETT-OMOROGIEVA
(paragraphs number 1-14 to correspond
to Defendant Boskett's claim against Yatsuk)

1. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

2. Admitted;

3. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

4. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

5. Admitted that an accident took place. The remaining of the allegation, including the cause and manner of the accident is denied;

6. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

7. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

8. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

9. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

10. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

11. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

12. Defendant is without sufficient information or knowledge so as to form a belief as to this averment;

### COUNT I - SHYLA BOSKETT-OMOROGIEVA v. ERICA YATSUK

13. All preceding paragraphs are incorporated herein by reference as if set forth fully herein;

14. Denied, including each and every subpart.

    WHEREFORE, Defendant Yatsuk demands judgment in her favor plus costs.

MICHAEL A. PEDICONE, P.A.

By: *Patrick G. Rock, Esquire* /s/
    Patrick G. Rock, Esquire (No. 4632)
    109 W. 7th Street
    P.O. Box 1395
    Wilmington, DE 19899
    (302) 652-7850
    Attorney for Defendant

Dated: January 4, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR., and DENA DOUGLAS-PATERSON, | ) ) ) ) | C.A. No. 06-626 |
| Plaintiffs, | ) ) | |
| v. | ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## *NOTICE OF SERVICE*

THIS IS TO CERTIFY, that I have caused copies of the foregoing AMENDED ANSWER TO COMPLAINT to be served via electronic filing, on January 4, 2007, upon:

Timothy E. Lengkeek (No. 4116)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, DE 19899-0391  
(302) 571-6605  
Attorney for Plaintiffs

Robert J. Leoni, Esquire  
Morgan Shelsby & Leoni  
221 Main Street  
Stanton, DE 19804  
(302) 995-6210

James J. Haley, Jr., Esquire  
Ferrara Haley & Bevis  
1716 Wawaset Street  
P.O. Box 188  
Wilmington, DE 19899-0188  
(302) 656-7247  
Attorney for Complainant Boskett

          MICHAEL A. PEDICONE, P.A.

By: *Patrick G. Rock, Esquire* /s/
    Patrick G. Rock, Esquire (No. 4632)
    109 W. 7th Street
    P.O. Box 1395
    Wilmington, DE 19899
    (302) 652-7850
    patrickrock@verizon.net
    Attorney for Defendant

Dated: January 4, 2007