IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and<br>as Next Friend of FPJ<br>and DENA DOUGLAS-PATTERSON, | ) <br> ) <br> ) | C.A. No. 06-626 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) <br> ) | TRIAL BY JURY OF 12<br>DEMANDED |
| | ) | |
| ERICA C. YATSUK, SHYLA K. BOSKETT,<br>DELAWARE POOPER SCOOPERS, INC. a<br>Delaware Corporation, and KENDALL R.<br>WILLIFORD, | ) <br> ) <br> ) <br> ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHYLA K. BOSKETT and DELAWARE
POOPER SCOOPERS, INC.'S INTERROGATORIES
<u>DIRECTED TO ALL CO-DEFENDANTS</u>**

1.      State the names, last known addresses of all persons who were present at the

scene of the accident when it occurred, specifically noting those who were eyewitnesses,

including all employees of defendants who were on the premises at the time of the accident.

**ANSWER:**

2.      Other than the persons referred to in the immediately foregoing interrogatory,

state the names and last known addresses of all persons who arrived at the scene of the accident

within fifteen minutes after it occurred.

**ANSWER:**

3.     Other than the persons who are referred to in the immediately foregoing
interrogatories, state the names and last known addresses of all persons who have knowledge of
the facts concerning how the accident occurred.

**ANSWER:**

4.     Other than the persons referred to in the three immediately foregoing
interrogatories, state the names and last known addresses of all persons having knowledge of the
facts alleged in the pleadings and as to each person, identify the numbers of the paragraphs of the
Complaint, Answer or other pleading of which such person has knowledge.

**ANSWER:**

5.     State whether subsequent to the time of the accident, you or any person acting on
your behalf has taken any photographs, videotapes or motion pictures or made any sketches,
plats, diagrams or other drawings, of the facts or items referred to in the pleadings.  If so, as to
each, state:

       (a)     The nature of each;

       (b)     By whom taken or made;

       (c)     When taken or made;

       (d)     The subject matter portrayed;

    (e)      Whether taken or made on your behalf;

    (f)      Whether taken or made by your attorney's request;

    (g)      The name and last known address of the persons having custody of the original and all copies of such reproduction.

**ANSWER:**

6.     State whether you or anyone acting on your behalf have obtained statements (written, recorded or oral) from any persons concerning the facts alleged in the pleadings.  If so, as to each such statement, state:

    (a)      Whether it was written, recorded or oral;

    (b)      The date thereof;

    (c)      The name and address of the person from whom obtained;

    (d)      If written or recorded, the name and address of each person who has possession of the original and all copies;

    (e)      If oral, the name and address of each person present when obtained;

    (f)      If oral, whether it was in person or by telephone;

    (g)      The subject matter thereof.

**ANSWER:**

7.    State the name and address of each person who has been interviewed by you or on your behalf concerning the facts alleged in the pleadings, and as to each, state:

(a)    The date of each such interview;

(b)    The name and last known address of each person who has a resume of such interview;

(c)    The location where the interview was conducted;

(d)    The name, last known address and employer of the person conducting the interview;

(e)    The names and addresses of all persons present during the interview;

(f)    The subject matter of the interview.

**ANSWER:**

8.    State the names and last known addresses of all persons who have been contacted, interviewed or interrogated by you or on your behalf either before or after the commencement of this suit, concerning the facts alleged in the pleadings and the subject of this action, other than those listed in the two immediately foregoing interrogatories and as to each, state:

(a)    The date, time and location where such statements were made or taken;

(b)    The manner in which the statements were recorded;

(c)    The names and addresses of the persons who took the statements;

(d)    The names and addresses of the persons who were present when such statements were taken;

(e)    The names and addresses of the persons who have possession of the original and all copies thereof;

(f)    The subject matter thereof.

**ANSWER:**


9.    With reference to any report, memorandum or resume prepared or received by you or anyone acting on your behalf but not necessarily limited to any investigator, insurance adjuster, medical personnel or institution, pertaining to any of the facts alleged or referred to in the pleadings, give the date of each such matter in writing and as to each, state:

(a)    The name and address of the person or persons who prepared such writing and the name, address and identity of the employer of such person or persons;

(b)    Whether such writing was prepared by you or on your behalf;

(c)    Number of pages of such writing;

(d)    A general description of such matter in writing (e.g., three page report of investigator Brown dated February 20, 1976, concerning subsequent remedial action);

(e)    Whether such writing was prepared under the supervision of or pursuant to the instructions of your attorney and if so, the name and address of that attorney;

(f)    The names and last known addresses of all persons who have possession of the original and copies of such matter in writing.

**ANSWER:**

5

10.    State the name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial, whether or not you expect to call him as a witness at trial, and as to each, state:

(a)    The dates of initial employment;

(b)    The date or dates of any reports, letters or other writings prepared by such person, a brief description of such writing (as two page letter, three page report, etc.), and the names and address of persons having copies of them;

(c)    Whether such expert has also rendered any service, in connection with any aspect of any subject mater involved in this litigation, other than in anticipation of this litigation or preparation for trial (as, for instance, giving medical attention required by the accident, designing machinery involved in the accident, etc.).

**ANSWER:**

11.    With reference to any expert you expect to call to testify as a witness at trial, state the name and address of such expert and as to each, state:

(a)    The subject matter on which the expert is expected to testify;

(b)    The substance of the facts and opinions to which the expert is expected to testify;

(c)    A summary of grounds for each such opinion;

(d)    Identify each document reviewed by the expert in formulating his opinion;

6

(e)     Identify each document relied upon by the expert in formulating his

opinion;

(f)     A brief resume of the expert's qualification;

(g)     A listing of the expert's publications from the immediately preceding 10

years;

(h)     The amount of compensation received by the expert (as of the date of

answering this deposition) for preparing his opinions or testimony, or both;

(i)     A list of all other cases in which the expert has testified in trial or

deposition during the past four immediately preceding years.

**ANSWER:**

12.     State whether you or anyone acting on your behalf has received doctors or hospital

reports or records bearing upon plaintiff's injuries.  If so, state:

(a)     The names and last known addresses of the persons making or preparing

them;

(b)     The dates when they were so made or prepared;

(c)     The nature of the reports or records;

(d)     At whose request they were prepared;

(e)     The name and last known address of the persons who have possession of

the originals and all copies thereof.

**ANSWER:**

13.   State whether you or anyone on your behalf has written to or spoken to any doctors, hospitals or other persons trained in the healing arts or, written to or spoken with any person or company who maintains any records concerning the injuries or illnesses or physical condition of plaintiff and if so, as to each such request for information, state:

(a)   The name and address of the person or institution to whom the request was made;

(b)   The date of the request;

(c)   Whether the request was verbal or in writing;

(d)   The name and address of the person making the request;

(e)   A description of the information requested.

**ANSWER:**

14.   At the time of the accident referred to in the Complaint, were you covered by any policy of public liability insurance? If so, for each such policy, state:

(a)   The name, principal place of business and telephone number of the insurer;

(b)   The name, address and telephone number of the named insured;

(c)   The policy number;

(d)    The effective dates of coverage;

(e)    The types of coverage;

(f)    The amounts of the various coverages;

(g)    The applicable limits of liability.


**ANSWER:**



15.    At the time of the accident referred to in the Complaint, were you covered by any policy of reinsurance or excess liability insurance?  If so, for each such policy, state:

(a)    The name, principal place of business and telephone number of the insurer;

(b)    The name, address and telephone number of the named insured;

(c)    The policy number;

(d)    The effective dates of coverage;

(e)    The types of coverage;

(f)    The amounts of the various coverages;

(g)    The applicable limits of liability.

**ANSWER:**

16.    State whether any person was charged with a violation of any law as a result of this accident, and if so, state:

    (a)    The name and address of the person charged;

    (b)    The nature of the charge, specifying the statutory reference;

    (c)    The court and jurisdiction involved;

    (d)    The final disposition of said charge (e.g. guilty plea, conviction after trial, dismissal, etc.).

    **ANSWER:**

17.    Have you or your attorney, agent, insurance company or other representative had any surveillance done or made of plaintiff?  If so, with respect to each, state:

    (a)    The date of such surveillance;

    (b)    The name and address of the person conducting the surveillances, as well as the name and address of their employer;

    (c)    A detailed description of what was observed during the surveillance;

    (d)    Whether or not any records, photographs, written or otherwise, were made, compiled or kept during the surveillance;

    (e)    The name and address of the person having custody of the original and all copies of said record or surveillance;

    (f)    Whether any written report, summary or resume was made subsequent to said surveillance concerning the same;

(g)     If such a written report, summary or resume was made, the name and address of the persons having possession of the original and copies of said report.

**ANSWER:**

18.     State the date you were first put on notice that the accident referred to in the Complaint, occurred, giving the circumstances of such notification (e.g. letter of January 5, 1975 from plaintiff's attorney; telephone call from individual plaintiff on February 9, 1974, etc.).

**ANSWER:**

19. Do you say or do you know anybody else who will say, that the defendant, Shyla K. Boskett and Delaware Pooper Scoopers, did any act or omitted to perform any act which caused or contributed to the happening of the casualty herein complained of?  If the answer to the above is in the affirmative:

a. State in detail each such act or each such failure to act;

b. Give the name, last known address and telephone number of each person having knowledge or claiming to have knowledge of each such act or omission.

**ANSWER:**

11

20. If you had or heard any discussions with or statements made by or to any agent representative or employee of the defendant, Shyla K. Boskett and Delaware Pooper Scoopers, at any time after the accident or fall alleged in the complaint, describe such discussion in detail including the identity of all parties to such discussions.

**ANSWER:**

21. Do you contend that any agent representative or employee of the defendant Shyla K. Boskett and Delaware Pooper Scoopers, has made any statements constituting an admission against interest, and if so, describe in detail any such statement and identify each person making such statement and any party to each such statement.

**ANSWER:**

22. If you claim that the violation of any statute, ordinance, regulation or other codified law was a cause of the accident or fall alleged in the complaint, give the official citation of each, and state the manner in which it was violated.

**ANSWER:**

23. State each fact, and the name, address and telephone number of each person having knowledge of each fact, upon which you have based each allegation contained in your Crossclaim that the defendant was negligent in any matter.

**ANSWER:**

24. Did the answers to each and every one of the interrogatories propounded herein include not only the information known to you or your attorney, but also the information within the possession or control of yourself or your attorney?

**ANSWER:**

13

*SHELSBY & LEONI*
*/s/ Robert J. Leoni*
ROBERT J. LEONI, I.D. #2888
Rleoni@mslde.com
221 Main Street
Stanton, DE  19804
(302) 995-6210
Attorney for Defendant Boskett and Delaware
Pooper Scoopers, Inc.


DATED:     6/15/07

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FLOYD E. PATTERSON, Individually and<br>as Next Friend of FPJ<br>and DENA DOUGLAS-PATTERSON, | )<br>)<br>)<br>) | C.A. No. 06-626 |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | TRIAL BY JURY OF 12<br>DEMANDED |
| | ) | |
| ERICA C. YATSUK, SHYLA K. BOSKETT,<br>DELAWARE POOPER SCOOPERS, INC. a<br>Delaware Corporation, and KENDALL R.<br>WILLIFORD, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I, Robert J. Leoni, Esquire, hereby certify that on the 15th day of June 2007, two

copies of the foregoing Defendant Shyla K. Boskett and Delaware Pooper Scoopers, Inc.'s

Interrogatories Directed to Co-Defendants, were served by first class, postage prepaid, mail upon

the following:

Timothy E. Lengkeek, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

Patrick G. Rock, Esquire
Michael A. Pedicone, P.A.
109 W. 17th Street
P.O. Box 1395
Wilmington, DE 19899-1395

**SHELSBY & LEONI**
/s/ Robert J. Leoni
ROBERT J. LEONI, I.D. #2888
Rleoni@mslde.com
221 Main Street
Stanton, DE  19804
(302) 995-6210
Attorney for Defendant Boskett and Delaware
Pooper Scoopers, Inc.

DATED:     6/15/07

16

## REQUEST FOR RECORDS AND REPORTS

TO:        _____

FROM:    SHELSBY & LEONI _____

      You are hereby authorized to give to the offices of SHELSBY & LEONI or any representative of that office, any and all information which may be requested regarding my physical condition and treatment rendered by you therefor, and allow them, or any physician appointed by them, to examine any x-ray pictures taken of me or records which you have regarding my condition or treatment.  A photostatic copy of this Authorization shall be considered as valid as the original.

      I further authorize my present and any past employer to release any and all information they may have on record, including my complete personnel file, concerning my employment.

                                         _____

_____

Witness

_____

Date

17