IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR., and DINA DOUGLAS-PATTERSON, <br><br>Plaintiffs, <br><br>v. <br><br>ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD, <br><br>Defendants. | ) ) ) C.A. No. 06-626 JJF ) ) ) ) ) ) TRIAL BY JURY OF TWELVE ) DEMANDED ) ) ) ) ) ) |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT SHYLA K. BOSKETT

Pursuant to Federal Rule Civil Procedure 37, Plaintiffs hereby move the Court for an Order requiring that Defendant Shyla K. Boskett produce the following:

1. The transcripts of recorded statements taken by Nationwide Insurance Company in the above-captioned case.

2. Such statements are not subject to the attorney/client privilege or the attorney work product privilege pursuant to Charles v. Liser, 2003 Del. Super. LEXIS 251 (Del. Super. Ct. July 10, 2003), which is attached as Exhibit A.

3. Counsel for Plaintiffs has made a reasonable effort to reach an agreement with Defendant Shyla K. Boskett on the matter set forth in this motion in accordance with Local Rule 7.1, as set forth in the correspondence attached as Exhibit B.

WHEREFORE, Plaintiffs' respectfully request this Court enter the attached Order granting this Motion to Compel.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorney for Plaintiffs

Dated: June 21, 2007

2003 Del. Super. LEXIS 251, *

2 of 2 DOCUMENTS

Joseph & Emmanuella Charles v. Jonathan A. Lizer

Civil Action No. 02C-03-039 WLW

SUPERIOR COURT OF DELAWARE, KENT

2003 Del. Super. LEXIS 251

July 10, 2003, Decided

**DISPOSITION:** [*1] Plaintiffs' motion in limine granted; Plaintiffs' motion for default judgment denied; two motions to compel filed within motion for default judgment granted.

**COUNSEL:** William D. Fletcher, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware.

Michael A. Pedicone, Esquire, Wilmington, Delaware.

**JUDGES:** William L. Witham, Jr.

**OPINION BY:** William L. Witham, Jr.

**OPINION**

After reviewing the submissions of the parties, the Court finds that Plaintiffs' motion in limine is granted; Plaintiffs' motion for default judgment is denied; however, the two motions to compel filed within the motion for default judgment are granted.

*A. Plaintiff's Motion in Limine Regarding Corporal Cheryl Lee Arnold*

Under Delaware Uniform Rule of Evidence 602:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. [1]

1 D.R.E. 602.

It is [*2] undisputed that in her deposition Corporal Arnold provided testimony that she lacks any personal knowledge about the incident. Since Corporal Arnold disclosed that she did not have a present recollection of the accident, a copy of a police report was provided to her to try to refresh her recollection. However, after examining the report Corporal Arnold disclosed that she did not prepare the police report nor did that report refresh her recollection. Since it is well documented that this witness does not have personal knowledge of the accident any proffered testimony of Corporal Arnold is inadmissible.

*B. Plaintiff's Motion in Limine For Default Judgment*

Pursuant to Superior Court Civil Rule 33, interrogatories must be answered fully in writing under oath, and signed by the person making them. [2] For purposes of assessing sanctions under Superior Court Civil Rule 37 "an evasive or incomplete answer or response is to be treated as a failure to answer or respond." [3] Plaintiffs therefore request that this Court impose sanctions on the Defendant for failing to completely answer and failing to sign the Form 30 Interrogatories.

2 SUPER. CT. CIV. R. 33(b)(1)-(b)(2).

[*3]

3 SUPER. CT. CIV. R. 37(a)(3).

Under Rule 37 the power "to grant a default judgment for failure to make discovery is discretionary, 'and such discretion should be exercised so that cases are decided on their merits and not on technicalities.'" [4] Furthermore, in *Warner v. Warner Co.* the Supreme Court stated that "it seems clear from an analysis of Rule 37 that the Framers of the Rules intended that the time schedule set out in the Rules, particularly Rule 37, should be considered in their interpretation. Rule 37(a), timewise, comes before Rule 37(d) and this has some importance . . . . the proponent of the interrogatories should invoke Rule 37 (a) by first moving for an order to

compel his adversary to answer the interrogatories before invoking the provisions of Rule 37(d) and seeking sanctions." However, the Supreme Court did conclude that in certain cases, specifically if there has been demonstrated willfulness on the part of the adversary that is undermining the litigation, a Motion to Compel under Rule 37(a) is not required before filing a Motion for Sanctions. In the case at bar, the [*4] Plaintiffs have not demonstrated that the Defendant wilfully failed to complete the interrogatories. Thus, Plaintiffs' motion for sanctions is denied; however, this Court will grant the Plaintiffs' request that the Defendant be compelled to answer Interrogatory No.3 and Interrogatory No. 8 and sign his interrogatory answers under oath.

> 4   *Warner v. Warner Co.*, 54 Del. 478, 180 A.2d 279, 282, 4 Storey 478 (Del. 1962)

The Plaintiffs also request that the Defendant be compelled to produce Defendant's recorded statements [5] made to Allstate Insurance Company's investigator, Mr. McCloud. Defendant asserts that Mr. McCloud's report which contains the Defendant's statements is privileged because the statements were made in anticipation of litigation. Plaintiffs claim that the statement of the Defendant was not prepared in anticipation of litigation or for trial and is thus discoverable under Superior Court Civil Rule 26.

> 5   There is some controversy as to whether or not there is a recorded statement. Defendant claims there is only a summary of these statements prepared from Mr. McCloud.

[*5] Materials prepared with the general knowledge that a suit may follow the incident being investigated are deemed not to be prepared in anticipation of trial within the meaning of Superior Court Civil Rule 26 (b)(3). [6] In *Conley v. Graybeal*, [7] the Court held that a sketch of the scene and a transcript the defendant's recorded interview taken by an employee of the defendant's insurance company was discoverable under Rule 26. In coming to its conclusion the Court stated:

> It has previously been held in this jurisdiction that, under similar factual circumstances, statements given to an insurance adjuster by the defendant prior to intercession of legal counsel and not guided in any way by an attorney or by one charged with preparing litigation were discoverable upon motion of the plaintiff. In reaching its conclusion, this Court cited the ruling of the U.S. District Court, N.D. Illinois, E.D. that "any report or statement made by or to a party's agent . . . which has not been requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and [*6] thus not within the purview of the limited privilege of . . . Rule 26(b)(3) . . ." Similarly, statements made by defendant driver to his claims adjuster were held discoverable by the United States Court of Appeals. . . [8]

The case at bar and the *Conley* case are factually very similar. In both cases the insurance company investigator prepared the documents in the regular course of his duties requiring him to make a thorough investigation of the accident, and in both cases the documents were prepared months prior to initiation of a suit by the plaintiff. [9] The only slight factual difference is that in the *Conley* case the documents were prepared before the plaintiff had retained an attorney; whereas, in the current case the Plaintiffs' attorney in April of 2000 reported the accident to Defendant's insurance company and then on November 14, 2000 a demand for settlement was sent to the insurance company by Plaintiffs' attorney. Nevertheless here, like in *Conley*, there is no indication that the statement was requested or prepared for an attorney, nor in any way reflects the employment of an attorney's expertise. Therefore, this Court finds that the statement is discoverable [*7] if the Defendant has possession of a transcript of the recorded statement that should be given to the Plaintiffs. If no transcript exists, then the Defendant should provide Mr. McCloud's summary of the statement.

> 6   *Conley v. Graybeal*, 315 A.2d 609, 610 (Del. Super. Ct. 1974).
>
> 7   315 A.2d 609 (Del. Super. Ct. 1974).
>
> 8   *Id.* at 610 (internal citations omitted).
>
> 9   The statement was given to the insurance investigator on March 6, 2001 and suit was not filed by the Plaintiffs until March 28, 2002.

Therefore, after reviewing the motions and the response it appears to this Court that the Plaintiffs' Motion in Limine regarding the officer's testimony should be *granted*. Additionally, Plaintiffs' Motion for Default Judgment shall be *denied*; however, to the extent

that the Defendant gave incomplete answers to the Form 30 Interrogatories he shall be compelled to give the Plaintiffs complete answers. Finally, the Defendant is compelled to give the Plaintiffs [*8] a transcript of Defendant's recorded statements given to Mr. McCloud. If a transcript is not within the control of the Defendant, then the summary of the statement prepared by Mr. McCloud shall be given to the Plaintiffs.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | | |
|---|---|---|---|---|
| BEN T. CASTLE | JANET Z. CHARLTON | | JOSEPH M. BARRY | MATTHEW B. LUNN |
| SHELDON N. SANDLER | ROBERT S. BRADY | THE BRANDYWINE BUILDING | SEAN M. BEACH | JOSEPH A. MALFITANO |
| RICHARD A. LEVINE | JOEL A. WAITE | 1000 WEST STREET, 17TH FLOOR | SANJAY BHATNAGAR | ADRIA B. MARTINELLI |
| RICHARD A. ZAPPA | BRENT C. SHAFFER | WILMINGTON, DELAWARE 19801 | DONALD J. BOWMAN, JR. | MICHAEL W. MCDERMOTT |
| FREDERICK W. IOBST | DANIEL P. JOHNSON | | JEFFREY T. CASTELLANO | TAMMY L. MERCER |
| RICHARD H. MORSE | CRAIG D. GREAR | P.O. BOX 391 | KARA HAMMOND COYLE | MARIBETH L. MINELLA |
| DAVID C. MCBRIDE | TIMOTHY JAY HOUSEAL | WILMINGTON, DELAWARE 19899-0391 | KRISTEN SALVATORE DEPALMA | EDMON L. MORTON |
| JOSEPH M. NICHOLSON | MARTIN S. LESSNER | | MARGARET M. DIBIANCA | D. FON MUTTAMARA-WALKER |
| CRAIG A. KARSNITZ | PAULINE K. MORGAN | (302) 571-6600 | MARY F. DUGAN | JENNIFER R. NOEL |
| BARRY M. WILLOUGHBY | C. BARR FLINN | (800) 253-2234 (DE ONLY) | ERIN EDWARDS | ADAM W. POFF |
| JOSY W. INGERSOLL | NATALIE WOLF | FAX: (302) 571-1253 | KENNETH J. ENOS | SETH J. REIDENBERG |
| ANTHONY G. FLYNN | LISA B. GOODMAN | | IAN S. FREDERICKS | SARA BETH A. REYBURN |
| JEROME K. GROSSMAN | JOHN W. SHAW | | JAMES J. GALLAGHER | CHERYL A. SANTANIELLO |
| EUGENE A. DIPRINZIO | JAMES P. HUGHES, JR. | 110 WEST PINE STREET | SEAN T. GREECHER | (NJ & PA ONLY) |
| JAMES L. PATTON, JR. | EDWIN J. HARRON | P.O. BOX 594 | STEPHANIE L. HANSEN | MICHELE SHERRETTA |
| ROBERT L. THOMAS | MICHAEL R. NESTOR | GEORGETOWN, DELAWARE 19947 | DAWN M. JONES | MONTÉ T. SQUIRE |
| WILLIAM D. JOHNSTON | MAUREEN D. LUKE | (302) 856-3571 | KAREN E. KELLER | MICHAEL P. STAFFORD |
| TIMOTHY J. SNYDER | ROLIN P. BISSELL | (800) 255-2234 (DE ONLY) | JENNIFER M. KINKUS | CHAD S.C. STOVER |
| BRUCE L. SILVERSTEIN | SCOTT A. HOLT | FAX: (302) 856-9338 | EDWARD J. KOSMOWSKI | JOHN E. TRACEY |
| WILLIAM W. BOWSER | JOHN T. DORSEY | | JOHN C. KUFFEL | TRAVIS N. TURNER |
| LARRY J. TARABICOS | M. BLAKE CLEARY | WWW.YOUNGCONAWAY.COM | KAREN LANTZ | MARGARET B. WHITEMAN |
| RICHARD A. DILIBERTO, JR. | CHRISTIAN DOUGLAS WRIGHT | | TIMOTHY E. LENGKEEK | SHARON M. ZIEG |
| MELANIE K. SHARP | DANIELLE GIBBS | DIRECT DIAL: (302) 571-6605 | ANDREW A. LUNDGREN | |
| CASSANDRA F. ROBERTS | JOHN J. PASCHETTO | DIRECT FAX: (302) 576-3308 | | |
| RICHARD J.A. POPPER | NORMAN M. POWELL | tleng@ycst.com | SPECIAL COUNSEL | SENIOR COUNSEL |
| TERESA A. CHEEK | ELENA C. NORMAN | | JOHN D. MCLAUGHLIN, JR. | CURTIS J. CROWTHER |
| NEILLI MULLEN WALSH | | | KAREN L. PASCALE | |
| | | | PATRICIA A. WIDDOSS | OF COUNSEL |
| | | | | BRUCE M. STARGATT |
| | | | | STUART B. YOUNG |
| | | | | EDWARD B. MAXWELL, 2ND |

May 11, 2007

Robert J. Leoni, Esquire
Shelsby & Leoni
221 Main Street
Stanton, DE 19804

      Re:    Patterson v. Boskett, et al.

Dear Rob:

      Please accept this as my final request for the recorded statements taken by Nationwide in the above-captioned case. As you know, Charles v. Lizer, Del. Super. LEXIS 251, provides that such statements are not subject to the attorney-client privilege or attorney work product. This is my final attempt to resolve this issue short of filing a Motion to Compel pursuant to Local Rule 7.1. If I do not receive those statements within 10 days, I will file a Motion to Compel with the Court.

                            Very truly yours,

                            Timothy E. Lengkeek

TEL:sm
cc:   B. Wilson Redfearn, Esquire
      Patrick Rock, Esquire
      Gary Alderson, Esquire
      Jim Haley, Esquire
      Ms. Linda K. Hanick
FP:   corr
T: 5/21/07

DB02:5970350.1                                         065420.1001

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR., and DINA DOUGLAS-PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD,<br><br>Defendants. | )<br>)<br>) C.A. No. 06-626 JJF<br>)<br>)<br>)<br>)<br>)<br>) TRIAL BY JURY OF TWELVE<br>) DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

At Wilmington, this _____ day of June, 2007, upon consideration of Plaintiffs' Motion to Compel, it is HEREBY ORDERED that Plaintiffs' motion is GRANTED as follows:

1. Defendant Shyla K. Boskett shall, within ten (10) days, produce all recorded statements taken concerning the above-captioned case.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD E. PATTERSON, Individually and as Next Friend of FLOYD PATTERSON, JR., and DINA DOUGLAS-PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>ERICA C. YATSUK, SHYLA K. BOSKETT, DELAWARE POOPER SCOOPERS, INC., a Delaware Corporation, and KENDALL R. WILLIFORD,<br><br>Defendants. | )<br>)<br>)  C.A. No. 06-626 JJF<br>)<br>)<br>)<br>)<br>)<br>)  TRIAL BY JURY OF TWELVE<br>)  DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

Timothy E. Lengkeek, Esquire, hereby certifies that on June 21, 2007, Plaintiffs' Motion to Compel Discovery Responses From Shyla K. Boskett was served on the following counsel by HAND DELIVERY:

Robert J. Leoni, Esquire
Shelsby & Leoni
221 Main Street
Stanton, DE  19804

Patrick Rock, Esquire
109 West 7th Street
P.O. Box 1395
Wilmington, DE 19899-1395

Wilson B. Redfearn, Esquire
Tybout Redfearn & Pell
750 South Madison Street, Suite 400
P.O. Box 2092
Wilmington, DE 19899-2092

James J. Haley, Jr., Esquire
1716 Wawaset Street
P.O. Box 188
Wilmington, DE  19899-0188

Dawn Becker, Esquire
Citizens Bank Center
919 Market Street, Suite 725
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Timothy E. Lengkeek (No. 4116)
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
(302) 571-6605
Attorney for Plaintiffs